# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CYTYC CORPORATION,

    Applicant,

    v.

DEKA PRODUCTS LIMITED
PARTNERSHIP

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

# 05 10932 WGY

Civil Action No. _____

AMOUNT $ ___RSC. CO___
SUMMONS ISSUED___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. ____ M ___
DATE_____ 5/5/05

MAGISTRATE JUDGE ___60

## CYTYC CORPORATION'S APPLICATION TO VACATE ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 10

Pursuant to 9 U.S.C. §§ 6 & 10, Cytyc Corporation ("Cytyc") respectfully applies for an order from this Court vacating the arbitration award rendered on March 7, 2005 and April 26, 2005 by a panel in Massachusetts (the "Award").

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as Cytyc is a Delaware corporation headquartered in Massachusetts, Respondent is a limited partnership headquartered in New Hampshire, and the amount in controversy exceeds $75,000.00.

2.    In addition, the Court has personal jurisdiction over Respondent to vacate the Award because Respondent arbitrated the underlying dispute, and also conducts significant business, in this judicial district.

3.    An arbitration panel's discretion is broad, but it is not limitless. The First Circuit has established clear boundaries for the exercise of arbitral discretion and has mandated that awards exceeding those limits not be enforced. In this case, the arbitration panel has strayed far beyond the boundaries that should have guided their adjudication.

4.    *First,* the panel manifestly disregarded governing law by: (1) ignoring New Hampshire statutes that ***must*** be considered when construing the Agreement , and (2) disregarding statutory provisions dictating how interest is to be calculated.

5.    *Second,* the panels' ruling is unfounded in reason and fact and is based upon an illogical construction of the language of the Agreement.

6.    *Third,* the panel's ruling is divorced from the language of the Agreement because the panel made its award based on what, in hindsight, it believed would have been fair in light of subsequent commercial events; the Award is plainly ***not*** based on the language of the Agreement actually bargained for and agreed to by the parties in 1993.

7.    *Fourth,* the panel exceeded its authority by deciding issues of patent law that were never submitted to arbitration and that do not arise out of, or relate to, to the Agreement.

8.    *Finally,* the panel refused to consider material evidence concerning the propriety of deducting commissions paid by Cytyc from the royalty base calculations.

9.    **Cytyc requests an oral hearing of this matter before the Court.**

10.   For these reasons, and those set forth in the accompanying Memorandum In Support Of Cytyc's Application To Vacate Arbitration Award and the Declaration Of Marc A. Cohn submitted herewith, Cytyc respectfully requests that the Court enters an order that:

(i)    the Award be vacated *in toto* and the parties' dispute returned to arbitration with the instruction that New Hampshire contract law be followed;

(ii)   the Award be vacated to the extent it awarded interest and the parties' dispute returned to arbitration with the instruction that New Hampshire interest law be followed;

(iii)  the Award be vacated to the extent it made findings on the scope of any patents;

(iv)   the Award be vacated to the extent it found that Cytyc's deduction of commissions were improper and the parties dispute returned to arbitration

2

with the instruction that the panel consider the material evidence on the meaning of the deductions provisions in the 1993 Agreement.

Respectfully submitted,

CYTYC CORPORATION,

By its attorneys

_____

Lisa J. Pirozzolo (BBO #561922)
Saklaine Hedaraly (BBO #651671)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

HOWREY SIMON ARNOLD & WHITE LLP
Matthew M. Wolf
Marc A. Cohn
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-6858

Dated: May ___, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___ CYTYC Corporation v.DEKA Products Limited Partnership

_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☒ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121 <br> 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, <br> 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, <br> 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 66?, <br> 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

05  10932 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
YES ☐    NO ☒

A. If yes, in which division do all of the non-governmental parties reside?
Eastern Division ☐    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Lisa J. Pirozzolo, Esq.
ADDRESS    Wilmer Cutler Pickering Hale and Dorr LLP, 60 State St., Boston, MA 02109
TELEPHONE NO.    617-526-6000

(CategoryForm.wpd - 5/2/05)

℗JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS Applicant

CYTYC Corporation

**(b)** County of Residence of First Listed Plaintiff    Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State St., Boston, MA 02109
Lisa Pirozzolo, Esq. BBO #561922

## DEFENDANTS Respondents

DEKA Products Limited Partnership

County of Residence of First Listed Defendant    New Hampshire
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

# 05  10932 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | 9 U.S.C. Sect. 10 |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Application to vacate Arbitration award pursuant to 9 U.S.C. Sect. 10

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
May 5, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE