UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION, )<br>)<br>Applicant, )<br>)<br>v. )<br>)<br>DEKA PRODUCTS LIMITED )<br>PARTNERSHIP )<br>)<br>Respondent. ) | Civil Action No. _____ |

## CYTYC CORPORATION'S MOTION TO FILE UNDER SEAL

Pursuant to Local Rule 7.2, Cytyc Corporation ("Cytyc") respectfully requests that the Court place the following documents, filed concurrently herewith, under seal for the duration of this action:

1. Memorandum in Support of Cytyc Corporation's Application To Vacate Arbitration Arward Pursuant to 9 U.S.C. § 10 ("Memorandum").

2. Declaration of Marc A. Cohn in Support of Cytyc Corporation's Application to Vacate Arbitration Award ("Declaration").

As grounds for this motion, Cytyc states as follows:

1. Cytyc's Memorandum and the exhibits to the Declaration contain highly sensitive and propriety information of Cytyc, both with respect to the technology it uses and develops, which underlies the dispute in this case, and confidential business information regarding the formation of and performance under a technology cross-license agreement between the parties.

2. As a result, the parties entered into a stipulated protective order, which was approved by the arbitration panel on July 27, 2004. (A copy of the Stipulated Protective Order is attached as Exhibit A.)

USIDOCS 5093731v1

3. Within ten (10) business days of the conclusion of this action, counsel for Cytyc will retrieve the sealed documents from the Court.

For the following reasons, Plaintiffs respectfully request leave to file the aforementioned documents under seal.

Respectfully submitted,

CYTYC CORPORATION,

By its attorneys

Lisa J. Pirozzolo (BBO #561922)
Saklaine Hedaraly (BBO #651671)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

HOWREY SIMON ARNOLD & WHITE LLP
Matthew M. Wolf
Marc A. Cohn
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-6858

Dated: May 5, 2005

USIDOCS 5093731v1

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between: )
)
DEKA Products Limited Partnership, )
Claimant, )
)
And ) Case: 11 Y 133 02624 03
) Case Manager: Paula C. DuBois
Cytyc Corporation, )
Respondent )
)

## STIPULATED PROTECTIVE ORDER

The parties to this arbitration agree that certain information, documents, and things subject to discovery in this arbitration may be claimed to be privileged or to contain trade secret or other confidential research, development, or commercial information (hereafter, "Confidential Information"). In the interest of expediting discovery and avoiding disputes regarding the production of claimed Confidential Information, the parties have further agreed to provide access to and to accept such information, documents, and things subject to certain protective provisions set forth below.

Subject to the approval of the arbitration panel, the parties stipulate as follows:

1. This Stipulated Protective Order shall apply to all information, documents, and things subject to discovery in this arbitration and/or used in the presentation of the parties' cases, including without limitation deposition testimony, answers to interrogatories, documents and things produced, deposition exhibits, exhibits to motions and briefs, information obtained from inspection of premises or things, and answers to requests for admission. Nothing in this Stipulated Protective Order constitutes an admission by either party that such methods of discovery are necessary or appropriate.

This Stipulated Protective Order shall also apply to all confidential documents produced by Cytyc to DEKA in response to the KPMG audit conducted pursuant to the License Agreement of March 22, 1993. Upon the parties execution of this Stipulated Protective Order, DEKA may make such documents available to its attorneys, as designated in Paragraph 6(a) below, and to its independent experts, as provided in Paragraph 6(c) below.

2. Any information, documents, or things designated as "Confidential Information" by a disclosing entity[1] shall be used by the receiving party solely for the preparation, argument, and hearing of this arbitration, settlement discussions and negotiations, or any form of alternative dispute resolution of this action, and for no other purpose whatsoever, whether directly or indirectly.

3. All documents and things provided in discovery by each disclosing entity shall bear identifying numbers (*e.g.*, Bates Stamp numbers) when a copy or copies are given to the receiving party.

4. Each document or thing provided to the receiving party, or any portion thereof, each set of interrogatory answers, and each set of answers to a request for admission or portion thereof that discloses information deemed by the disclosing entity in good faith to be Confidential Information shall be so identified by including thereon the legend "CONFIDENTIAL - For use Only in Arbitration 11 Y 133 02624 03," "CONFIDENTIAL Subject to Protective Order," "CONFIDENTIAL," "OUTSIDE ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL,"

---

[1] Reference to a "disclosing entity" includes parties as well as nonparty persons or entities subject to discovery in this action. The provisions of this Stipulated Protective Order shall fully apply to Confidential Information provided by such persons or entities.

-2-

together with a designation identifying the disclosing entity claiming confidentiality. Such identification shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing is provided to the other party. If inspection of a disclosing entity's premises or things will disclose Confidential Information, the disclosing entity shall inform the other party in writing of that circumstance before the inspection.

5.  Each transcript of a deposition of a disclosing entity and associated exhibits shall be presumptively deemed to be Confidential Information and subject to the provisions of this Stipulated Protective Order for thirty (30) days following receipt of the transcript by counsel for the deponent. Within the thirty (30) days, counsel for the deponent may designate certain pages and exhibits as Confidential Information by including thereon one of the authorized confidentiality legends specified in Paragraph 4 above and by notifying all counsel of record in writing of that designation. Such designated pages and exhibits shall be treated as subject to the terms of this Stipulated Protective Order. Counsel for each party shall be responsible for marking the designated pages of the transcript and exhibits in their possession with one of the legends specified above. If no designation of Confidential Information is made by counsel within thirty days after receipt of the transcript, the transcript (but not exhibits marked and used in that deposition) shall be considered not to contain any Confidential Information. Counsel may not without justification designate an entire transcript as confidential but shall make a good faith effort to designate only those pages, or portions thereof, containing confidential information.

6.  Information, documents, and things identified as Confidential Information by a disclosing entity shall not be made public by the receiving party or divulged to anyone other than as follows:

- 3 -

(a) Outside counsel for DEKA Products Limited Partnership, including the firm of Bromberg & Sunstein LLP and its staff, and no more than two designated in-house attorneys of DEKA Research & Development Corporation (presently designated as Maureen K. Toohey, Esq. and Francis Agyare, Esq.) and their staff;

(b) Outside counsel for Cytyc Corporation ("Cytyc"), including the firm of Howrey Simon Arnold & White, LLP, and its staff, and no more than two designated in-house attorneys of Cytyc (presently designated as Suzanne Meszner-Eltrich, Esq., and Mark J. Casey, Esq.) and their staff;

(c) Up to three (3) independent experts each for DEKA and Cytyc, who are not regularly employed by or associated with the retaining party and whose advice and consultations are being or will be used by a party in connection with preparation and argument of this arbitration and at any hearing; provided, however, that:

   (i) the name and address, and a summary of the background of any such independent expert shall be furnished to and received by the attorneys for the disclosing entity that has claimed the protection of Confidential Information at least five calendar days before access to the Confidential Information is to be given to such expert;

   (ii) if, before the expiration of the five business days, the disclosing entity receiving such notification serves a written objection to such access and states the reasons for the objection, the party who gave notification shall not provide access but shall be obliged to move the Arbitration Panel for an order

-4-

                    permitting such independent expert to be given access to the Confidential Information; and

      (iii)    in the event that no objection to such disclosure is made by counsel for the disclosing entry before the expiration of the five business days period, then counsel for the receiving party may disclose such Confidential Information to such expert(s) so long as each of the foregoing expert(s) has agreed in writing, before such access is given, to be bound by the terms of this Stipulated Protective Order by signing an undertaking substantially in the form and substance of **Exhibit A**, a copy of which is to be served on counsel for each other party.

(d)    Associates, stenographic, and clerical and support staff employees of the persons defined in paragraphs 6(a), 6(b) and 6(c) whose functions require them to have access to the Confidential Information.

(e)    Documents designated "CONFIDENTIAL" only -- i.e. designated documents not designated "HIGHLY CONFIDENTIAL" or "OUTSIDE ATTORNEY EYES ONLY" -- may be disclosed, in addition to those persons identified in paragraphs 6(a)-6(d), to the parties and their principals, officers, agents, and employees.

7.    The Arbitration Panel will maintain the confidentiality of all Confidential Information submitted by a party. Each member of the panel shall sign an undertaking substantially in the form and substance of **Exhibit A** and will provide each party with copy of the signed undertaking.

8.    The parties have agreed to the following procedure for filing Confidential Information with the Arbitration Panel: The Confidential Information, and any document disclosing the contents

- 5 -

of the Confidential Information, shall be filed with the Arbitration Panel in a sealed envelope bearing the legend "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." The materials so filed shall be maintained in confidence until the end of the arbitration, including any related court proceedings to enforce any award and any and all appeals. At the end of all proceedings, the counsel that submitted the Confidential Information shall certify to opposing counsel that the material has been so retrieved; and, upon retrieval, the material shall be treated pursuant to this protective order.

9. The recipient of Confidential Information shall maintain such information, including all documents or things reflecting such information, in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination (including dissemination to persons identified in paragraph 6) of such information, documents, or things.

10. Inspection or receipt by a party of information, documents, or things identified as Confidential Information shall not constitute a concession that the information, documents, or things are confidential. If, after the inspection or receipt of designated Confidential Information, a party wishes the Arbitration Panel to rule upon the disclosing entity's claim of confidentiality, that party may move for such determination. In the resolution of such motion, the moving party shall have the obligation of showing a good-faith basis for contending that the information, document, or thing is not confidential. Thereafter, the disclosing entity that made the claim of confidentiality shall have the burden of establishing the confidentiality of the information, document, or thing.

11. Nothing in this Stipulated Protective Order shall require disclosure of information, documents, or things that the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product immunity, or the disclosure of which would breach an

- 6 -

express or implied agreement with a third party to maintain such information, documents, or things in confidence. This provision does not preclude any party from moving for an order from the Arbitration Panel directing the disclosure of such information, documents, or things.

12. In the event that a party desires to provide access to information, documents, or things identified as Confidential Information to any person or category of persons not included in Paragraph 6 above, and if the disclosing entity objects to that proposed access, the party shall move for an order from the Arbitration Panel that such person or category of persons may be given access to the Confidential Information. If the motion is granted, such person or category of persons may have access to the Confidential Information, provided that such person or persons have first agreed in writing to be bound by the terms of this Stipulated Protective Order by signing the undertaking substantially in the form and substance of **Exhibit A**.

13. Within thirty (30) days after final termination of this arbitration, including all related court proceedings and appeals, counsel for each party shall assemble and return to the disclosing entity, or, at the option of the disclosing entity, destroy, all documents and things produced by the disclosing entity containing Confidential Information and shall destroy all copies of such documents and things that the party has in its possession, custody, or control. The attorneys for the parties shall be entitled to retain all documents used in the presentation of their client's case, including exhibits and their own memoranda, containing Confidential Information, but such documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the disclosing entity or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Stipulated Protective Order, during the course of this arbitration.

-7-

14. The restrictions set forth in the preceding paragraphs shall not apply to information, documents, or things which, at or before the disclosure in this arbitration, is or was a matter of public knowledge, or which, after disclosure thereof, becomes public knowledge other than by act or omission of the receiving party or its agents, experts, and attorneys. No party shall be bound by this Stipulated Protective Order as to any information, document, or thing that it possessed before this Stipulated Protective Order, unless that information, document, or thing was obtained under circumstances requiring its treatment as confidential.

15. Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this arbitration and, in the course thereof, from generally referring to or relying upon his examination of documents or things produced. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any information, document, or thing identified as Confidential Information by a disclosing entity when such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

16. In agreeing to this Stipulated Protective Order, the parties are not waiving their rights to seek its modification by leave of the Arbitration Panel.

AGREED TO THIS 26TH DAY OF JULY 2004

DEKA Products Limited Partnership
By its Attorneys,

Lee Carl Bromberg, Esq.
Erik Paul Belt, Esq.
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
(617) 443-9292

Cytyc Corporation
By its Attorneys,

Matthew M. Wolf, Esq.
Marc A. Cohn, Esq.
HOWRY, SIMON, ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004

SO ORDERED:

Date: 7/27/04      By: _____

- 9 -