UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION<br><br>Applicant,<br><br>v.<br><br>DEKA PRODUCTS LIMITED PARTNERSHIP,<br><br>Respondent. | CIVIL ACTION NO. 05-10932-WGY |

### DEKA PRODUCTS LIMITED PARTNERSHIP'S ANSWER TO CYTYC CORPORATION'S APPLICATION TO VACATE ARBITRATION AWARD AND <u>COUNTER-APPLICATION TO CONFIRM ARBITRATION AWARD</u>

The respondent and counter-applicant, DEKA Products Limited Partnership ("DEKA"), answers Cytyc Corporation's application to vacate arbitration award and counter-moves to confirm the award as follows.

**I.  DEKA's Answer to Cytyc's Application to Vacate Award**

1. Paragraph 1 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA admits that this Court has subject matter jurisdiction over this action.

2. Paragraph 2 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA admits that this Court has personal jurisdiction over DEKA because the arbitration was conducted in Boston, Massachusetts. DEKA denies any additional factual allegations in Paragraph 2.

3. Paragraph 3 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA states that arbitration awards are presumptively entitled to confirmation. In this case, the parties' arbitration agreement permits the arbitrator to interpret the license agreement at issue. The arbitration panel ("Panel") has fairly interpreted that license agreement, focusing on the very provisions that Cytyc itself submitted to the Panel for interpretation. The Panel did not stray from that task. As such, the Panel's interpretation of the disputed agreement, and thus the resulting award, is entitled to extreme deference.

4. Paragraph 4 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA denies that the Panel manifestly disregarded the law, as further set forth in DEKA's accompanying memorandum of law.

5. Paragraph 5 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA denies that the Panel's ruling is unfounded in reason and fact. The Panel rooted its decision on the words of the agreement itself and thus on the parties' intent. The Panel's reading of the agreement is further supported by substantial extrinsic evidence, to the extent that such evidence is even necessary. Finally, even if the Panel's construction of the disputed provisions of the agreement is "illogical," as Cytyc contends, that reading is still entitled to deference and may not be vacated. *See, e.g., Keebler Co. v. Truck Drivers, Local 170*, 247 F.3d 8, 11 (1st Cir. 2001) ("We share the district court's skepticism about the merits of the arbitrator's rationale. . . . Even so, such skepticism is not enough to vacate the arbitrator's decision").

6. Paragraph 6 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA denies that the Panel's ruling is

divorced from the wording of the disputed license agreement. As demonstrated in DEKA's accompanying memorandum of law, the Panel rooted its decision in the words of the agreement and, indeed, in the very provisions that Cytyc itself wanted construed. Moreover, even had the Panel based its ruling entirely on fairness considerations, that would not be enough to vacate the award. Arbitrators may fashion relief based on what is fair under the circumstances. *See, e.g., Local 1445, United Food and Commercial Workers Int'l Union v. Stop & Shop Cos.*, 776 F.2d 19, 22 (1st Cir. 1985) ("Arbitrators are not required to follow principles of contract law or judicial precedent. . . . The arbitrator's decision must be simply in the realm of what a judge might decide").

7. Paragraph 7 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA denies that the Panel exceeded its authority. The Panel decided a matter that is, at its core, a contract issue. But even had the Panel decided other matters, such as some underlying patent law issues, it was well within its authority to do so under the parties' broadly-worded arbitration clause, which relates to "any dispute, controversy or claim arising out of or relating to this Agreement." License Agreement at § 12.1.

8. Paragraph 8 of Cytyc's application states legal conclusions to which no answer is required. To the extent an answer is required, however, DEKA denies that the Panel refused to consider material evidence. Indeed, Cytyc was given ample opportunity to argue the issue and present evidence.

9. In response to Paragraph 9 of Cytyc's application, DEKA respectfully states that an oral hearing is not required because, given the extremely narrow scope of judicial review, the matter can be resolved on the papers.

10. DEKA opposes all of the relief that Cytyc requests in Paragraph 10 of Cytyc's application. Rather, DEKA seeks an order confirming the award and judgment entered on such order, as further requested in DEKA's counter-application, below.

## II. DEKA'S Counter-Application to Confirm Arbitration Award

1. Under the Federal Arbitration Act, 9 U.S.C. § 9, and/or other applicable law, DEKA Products Limited Partnership ("DEKA") seeks to confirm the award of an arbitration panel in the matter captioned *DEKA Products Limited Partnership v. Cytyc Corporation*, AAA Case No. 11-Y-133-02624-03.

2. The Panel issued the award in two parts. On March 7, 2005, the Panel issued its "Partial Final Award," in which it ruled that Cytyc had breached its license agreement with DEKA by failing to pay all royalties owed to DEKA. A true copy of the Partial Final Award is attached to DEKA's accompanying memorandum of law as Exhibit 1.

3. On April 26, 2005, the Panel issued the "Final Award of Arbitrators," which is attached to DEKA's accompanying memorandum of law as Exhibit 2. The Partial Final Award is incorporated by reference into the Final Award. The award is final and is signed under oath by the arbitrators.

4. DEKA is a limited partnership and has its principal place of business in Manchester, New Hampshire.

5. Cytyc is a Delaware corporation with its principal place of business in Marlborough, Massachusetts.

6. DEKA and Cytyc entered into a license agreement in March 1993. The parties' agreement ("License Agreement") is attached to DEKA's accompanying memorandum of law as

Exhibit 3. The License Agreement contains an arbitration clause in which the parties agreed that "judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." License Agreement at § 12.1

7.   The arbitration clause also provides that any arbitration is to be conducted according to the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). AAA rules provide that "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Commercial Arbitration Rule R-48(c).

8.   This court has original jurisdiction over this action to grant relief under relevant provision of the Federal Arbitration Act, 9 U.S.C. § 9, which states, "if no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." In addition, under 28 U.S.C. § 1332, this Court has diversity jurisdiction over the matter because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00.

9.   The court has personal jurisdiction over Cytyc because it arbitrated the underlying dispute in Massachusetts, has its principal place of business in Massachusetts, and additionally, has submitted to personal jurisdiction by filing an Application to Vacate Arbitration Award with this Court.

10.  In November 2003, DEKA filed a Demand for Arbitration with the American Arbitration Association for unpaid royalties and related torts.

11.  The panel of arbitrators consisted of three experienced judges: the Honorable Vincent L McKusick, formerly of the Maine Supreme Judicial Court; the Honorable Robert R. Merhige, formerly of the United States District Court for the Eastern District of Virginia; and the

late Honorable E. Leo Milonas, formerly of the Appellate Division of the Supreme Court of the State of New York.

12. Although the Arbitration clause required arbitration in New Hampshire, the parties agreed to conduct the arbitration proceedings in Boston, Massachusetts.

13. The arbitration hearing was held on December 13, 14, and 15, 2004.

14. On March 7, 2005, the arbitrators rendered a partial final award which addressed the merits of the arbitration. (Exhibit 1). The Panel ordered Cytyc to reimburse DEKA for auditing costs of $155,758.00 incurred before the arbitration, as required by the License Agreement. Cytyc has now paid that amount. The Panel also requested that the parties brief the issue of damages and submit initial calculations relating to the amount of unpaid royalties, costs and fees, and pre-judgment interest and reserved final decision pending these initial calculations.

15. On April 26, 2005, the Panel rendered a final award (Exhibit 2) in the amount of $7,524,168.00 in unpaid royalties; $563,645.00 in interest on the unpaid royalties; and $1,000,000.00 in fees and expenses for a total of $9,087,813.

16. On May 5, 2005, Cytyc filed an application to vacate the arbitration award pursuant to 9 U.S.C.§ 10. DEKA opposes Cytyc's application.

17. Further grounds for confirming the award are stated in DEKA's Memorandum in Support of its Application to Confirm Award and in Opposition to Cytyc's Application to Vacate Award. All cited exhibits are attached to the memorandum. In addition to the award and License Agreement at issue, these exhibits include hearing testimony, arbitration briefs, and certain other evidence submitted at the hearing by stipulation of both parties.

18. For the reasons stated above and in DEKA's accompanying memorandum, DEKA respectfully requests that this Court confirm the award in the amount of $9,087,813 and enter

judgment in that amount for DEKA and against Cytyc. DEKA further requests that the Court assess Cytyc with DEKA's legal fees and costs incurred in opposing Cytyc's application to vacate and in seeking to confirm the award. Finally, DEKA requests that the Court also assess Cytyc with additional interest on the award accrued after April 30, 2005 (the date through which the awarded prejudgment interest was calculated). DEKA will provide the Court with its expenses and interest calculations upon the Court's request.

## CERTIFICATE UNDER LOCAL RULE 7.1

I certify that, on May 19, 2005, I spoke by telephone with counsel for Cytyc, Marc A. Cohn, Esq., regarding DEKA's cross-application to confirm the award. Mr. Cohn stated that Cytyc will oppose confirmation.

Dated: May 19, 2005

Respectfully submitted,

DEKA Products Limited Partnership,
By its attorneys,

/s/ Erik P. Belt
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
E-mail: ebelt@bromsun.com

01062/00507 385019.1