UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYTYC CORPORATION,<br><br>          Applicant,<br><br>          v.<br><br>DEKA PRODUCTS LIMITED<br>PARTNERSHIP<br><br>          Respondent. | Civil Action No. 05-10932 (WGY)<br><br>**ORAL HEARING REQUESTED** |

**CYTYC CORPORATION'S ANSWER
TO DEKA'S COUNTER-APPLICATION TO CONFIRM ARBITRATION AWARD**

In response to the Cross-Application to Confirm Arbitration Award filed by DEKA Products Limited Partnership ("DEKA"), Cytyc Corporation ("Cytyc") answers as follows:

1. Cytyc admits that DEKA purports to move to confirm the arbitration award rendered on March 7, 2005 and April 26, 2005 by a panel in Massachusetts (the "Award") pursuant to 9 U.S.C. § 9.

2. Cytyc admits that the Panel issued its award in two parts and that the Panel issued a Partial Final Award on March 7, 2005, which speaks for itself. Cytyc denies all the other allegations in paragraph 2 of the Counter-Application.

3. Cytyc admits that the Panel issue its Final Award on April 26, 2005, which speaks for itself, and Cytyc denies all the other allegations in paragraph 3 of the Counter-Application.

4. Cytyc lacks sufficient information to admit or deny the allegations in paragraph 4 of the Counter-Application.

5. Cytyc admits the allegations in paragraph 5 of the Counter-Application.

6. Cytyc admits the allegations in paragraph 6 of the Counter-Application.

7. Paragraph 7 of the Counter-Application states legal conclusions as to which no answer is required. To the extent an answer is required, however, Cytyc admits that the

Agreement contains an arbitration provision, which speaks for itself, and Cytyc denies the remaining allegations in paragraph 7 of the Counter-Application.

      8.      Cytyc admits that the Court has subject matter jurisdiction.

      9.      Cytyc admits that the Court has personal jurisdiction over it for purposes of this action.

      10.      Cytyc admits that DEKA filed a demand for arbitration in November 2003, which speaks for itself, and Cytyc denies the remaining allegations in paragraph 10 of the Counter-Application.

      11.      Cytyc admits the allegations in paragraph 11 of the Counter-Application.

      12.      Cytyc admits the allegations in paragraph 12 of the Counter-Application.

      13.      Cytyc admits the allegations in paragraph 13 of the Counter-Application.

      14.      Cytyc admits that the Panel issued a Partial Final Award on March 7, 2005, which speaks for itself, and Cytyc denies all the other allegations in paragraph 14 of the Counter-Application.

      15.      Cytyc admits that the Panel issue its Final Award on April 26, 2005, which speaks for itself, and Cytyc denies all the other allegations in paragraph 15 of the Counter-Application.

      16.      Cytyc admits the allegations of paragraph 16 of the Counter-Application.

      17.      Cytyc denies the allegations in paragraph 17 of the Counter-Application. Grounds for denying DEKA's motion are stated in Cytyc's Memorandum In Opposition To Counter-Application To Confirm Arbitration Award, submitted herewith.

      18.      An arbitration panel's discretion is broad, but it is not limitless. The First Circuit has established clear boundaries for the exercise of arbitral discretion and has mandated that awards exceeding those limits not be enforced. In this case, the arbitration panel has strayed far beyond the boundaries that should have guided their adjudication. *First,* the panel manifestly disregarded governing law by: (1) ignoring New Hampshire statutes that ***must*** be considered when construing the Agreement, and (2) disregarding statutory provisions dictating how interest is to be calculated. *Second,* the panel's ruling is unfounded in reason and fact and is based upon

an illogical construction of the language of the Agreement.  *Third,* the panel's ruling is divorced from the language of the Agreement because the panel made its award based on what, in hindsight, it believed would have been fair in light of subsequent commercial events; the Award is plainly ***not*** based on the language of the Agreement actually bargained for and agreed to by the parties in 1993.  *Fourth,* the panel exceeded its authority by deciding issues of patent law that were never submitted to arbitration and that do not arise out of, or relate to, to the Agreement.  *Finally,* the panel refused to consider material evidence concerning the propriety of deducting commissions paid by Cytyc from the royalty base calculations.

19. **CYTYC REQUESTS AN ORAL HEARING OF THIS MATTER BEFORE THE COURT.**

WHEREFORE, for these reasons, and those set forth in the accompanying Memorandum In Opposition, Cytyc respectfully requests that the Court enters an order that:

(i) DEKA's Motion to Confirm the Award be DENIED;

(ii) the Award be vacated *in toto* and the parties' dispute returned to arbitration with the instruction that New Hampshire contract law be followed;

(iii) the Award be vacated to the extent it awarded interest and the parties' dispute returned to arbitration with the instruction that New Hampshire interest law be followed;

(iv) the Award be vacated to the extent it made findings on the scope of any patents;

(v)   the Award be vacated to the extent it found that Cytyc's deduction of commissions were improper and the parties' dispute returned to arbitration with the instruction that the panel consider the material evidence on the meaning of the deductions provisions in the 1993 Agreement.

Respectfully submitted,

CYTYC CORPORATION,
By its attorneys,

/s/ Saklaine Hedaraly
Lisa J. Pirozzolo (BBO #561922)
Saklaine Hedaraly (BBO #651671)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

HOWREY SIMON ARNOLD & WHITE LLP
Matthew M. Wolf
Marc A. Cohn
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-6858

Dated:  June 2, 2005