UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION, )<br>)<br>Applicant, )<br>)<br>v. )<br>)<br>DEKA PRODUCTS LIMITED )<br>PARTNERSHIP, )<br>)<br>Respondent. ) | CIVIL ACTION<br>NO. 05-10932 (WGY) |

**CYTYC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR STAY PENDING APPEAL</u>**

Cytyc Corporation respectfully submits this memorandum in support of its Motion For Stay Pending Appeal.

**ARGUMENT**

Cytyc is entitled to a stay of this Court's July 8, 2005 order pursuant to Federal Rule of Civil Procedure 62(d). Subject to certain exceptions inapplicable here, Federal Rule 62(d) provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."[*] Pursuant to this rule, "a party taking an appeal from the District Court is entitled to a stay of money judgment as a matter of right if he posts a bond" in accordance with Federal Rule 62(d). *American Mfrs. Mut. Ins. Co.* v. *American Broadcasting-Paramount Theatres, Inc.*, 87

---

[*] The exceptions to the stay provided for in Rule 62(d) are contained in Federal Rule of Civil Procedure 62(a), which provides in relevant part:

> "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."

None of these exceptions are applicable here.

S.Ct. 1, 3 (1966) (Harlan, J.); *accord Acevedo-García* v. *Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) (Per curiam) ("Under Rule 62(d), execution of a money judgment is automatically stayed pending an appeal upon the posting of a supersedeas bond."); Charles A. Wright & Arthur R. Miller, 11 Fed. Prac. & Proc. Civ. 2d § 2905 (1995). The supersedeas bond "may be given at or after the time of filing the notice of appeal." Fed. R. Civ. P. 62(d). Under Local Rule 62.2, the supersedeas bond must be "in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay, plus . . . ($500) . . . to cover costs, unless the court directs otherwise."

Cytyc has met the requirements of both Federal Rule 62(d) and Local Rule 62.2, and is accordingly entitled as a matter of right to a stay of this Court's July 8, 2005 order. On August 5, 2005, Cytyc filed its notice of appeal from this Court's July 8, 2005 order denying Cytyc's application to vacate the final award of an arbitration panel and affirming DEKA's cross-motion to confirm the award and paid the required filing fee. This order is functionally a money judgment, confirming a monetary award in favor of DEKA. *See Hebert* v. *Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (declaratory judgment awarding money under insurance agreement is a "money judgment" within scope of Rule 62(d)). Upon the Court's agreement as to the amount, Cytyc will post in lieu of a supersedeas bond an Irrevocable Letter of Credit, payable to DEKA, in the amount of $9,997,094.30, which represents the amount of the arbitration award, plus ten percent, plus $500, as directed by Local Rule 62.2. *See Ligurotis* v. *Whyte*, 951 F.3d 818, 821 (7th Cir. 1992) ("While the rule provides specifically for a supersedeas bond, courts have recognized that the district court has 'the power to provide for a form and amount of security different from the supersedeas bond.'") (quoting *Trans World Airlines, Inc.* v. *Hughes*, 515 F.3d 173, 176 (2d Cir. 1975)); *Landau & Cleary, Ltd.* v. *Hribar Trucking, Inc.*, 867 F.2d

996, 998-999 (7th Cir. 1989) (letter of credit is equivalent to supersedeas bond); *cf. Richmark Corp.* v. *Timber Falling Consultants*, 959 F.2d 1468, 1477 (9th Cir. 1992) (no stay issued under Federal Rule 62(d) where appellant "refused to post a supersedeas bond or letter of credit to stay execution of the judgment pending appeal").  Therefore, all efforts by DEKA Products Limited Partnership to recover the amount of the arbitration award confirmed by this Court should be stayed pending the outcome of Cytyc's appeal to the United States Court of Appeals for the First Circuit.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons Cytyc respectfully moves that this Court stay this Court's July 8, 2005 order pending appeal.

CYTYC CORPORATION

By its attorneys,

 _/s/ Lisa Pirozzolo_____
Lisa J. Pirozzolo, Esq. (BBO #561922)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000

HOWREY SIMON ARNOLD & WHITE LLP
Matthew M. Wolf
Marc A. Cohn
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-6858

Dated:  August 15, 2005

-4-

## **CERTIFICATE OF SERVICE**

I, Lisa J. Pirozzolo, hereby certify that the foregoing Cytyc Corporation's Memorandum In Support Of Its Motion For Stay Pending Appeal was served by First Class Mail on August 15, 2005 upon:

Lee Carl Bromberg
Erik Paul Belt
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
(617) 443-9292

       /s/ Lisa Pirozzolo_____
      Lisa J. Pirozzolo