UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION, )<br>)<br>Applicant, )<br>)<br>v. )<br>)<br>DEKA PRODUCTS LIMITED )<br>PARTNERSHIP, )<br>)<br>Respondent. ) | CIVIL ACTION<br>NO. 05-10932 (WGY) |

**CYTYC CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO STAY PENDING APPEAL</u>**

Cytyc Corporation respectfully submits this reply memorandum in response to DEKA Products Limited Partnership's opposition to Cytyc's motion to stay pending appeal, pursuant to Federal Rule of Civil Procedure 62(d).

**ARGUMENT**

DEKA's opposition reads as if Cytyc asked the Court to issue a stay without requiring **_any_** security. Nothing could be further from the truth: Cytyc has offered, and intends, to post an irrevocable letter of credit in the full amount of the judgment of this Court. Cytyc is willing, if the Court deems it to be the appropriate amount, to post an irrevocable letter of credit in the amount of $11,072,941. Cytyc is also willing to consult with DEKA regarding the precise terms of that letter (and in the wake of DEKA's opposition has so informed counsel for DEKA).[1]

Therefore, the dispute before this Court is whether an irrevocable letter of credit satisfies

---

[1] Although Cytyc conferred with DEKA prior to filing its notice of appeal, it inadvertently did not confer with DEKA regarding its motion for a stay pending appeal. Cytyc's failure to confer with DEKA was a good faith, honest, mistake. Notwithstanding counsel's failure in this regard, Cytyc's motion to stay should not be denied on this ground alone: "[O]mitting to confer prior to filing a motion certain to be opposed does not warrant so severe a sanction as summary denial." *Gerakaris* v. *Champagne*, 913 F. Supp. 646, 651 (D. Mass. 1996). DEKA's vigorous opposition to Cytyc's letter of credit proposal demonstrates that Cytyc's failure to confer on this motion did not prejudice DEKA, and that this Court's resolution of the issue would inevitably have been required.

-2-

the requirements of Rule 62(d). Contrary to DEKA's argument (Opp. at 1, 4), in order to justify use of a letter of credit in lieu of a supersedeas bond Cytyc need not establish extraordinary circumstances under the four-factor inquiry reserved for cases where an appellant refuses to post any security whatsoever. Cytyc has offered substantial authority demonstrating that use of an irrevocable letter of credit instead of a supersedeas bond would not harm DEKA's interests, because the letter of credit would hold DEKA harmless against the risk that it would not be able to collect its award. *See* Cytyc Mem. at 2-3. DEKA provides no reason why a letter of credit is not equivalent to a supersedeas bond in fulfilling the primary function of providing full security for the arbitration award pending Cytyc's appeal. Therefore, Cytyc respectfully submits that this Court should enter a stay pending Cytyc's appeal to the First Circuit.

1.  The relevant precedent belies DEKA's argument (Opp. at 3) that "a supersedeas bond," and "only a supersedeas bond," can entitle Cytyc to a stay under Rule 62(d) absent an "exceptional showing." Rule 62(d) entitles an appellant to a stay pending appeal so long as the appellant provides full security to insure the appellee against the risk that an unsuccessful appellant will be unable to satisfy the judgment. *See Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). The circuit courts have so far rejected the argument that "the posting of a supersedeas bond is mandatory," noting that Rule 62(d) "does not impose an ironclad requirement of a supersedeas bond, and makes the issue one of the adequacy of the alternative security." *Olympia Equip. Leasing & Co. v. Western Union Tele. Co.*, 786 F.2d 794, 796-797 (7th Cir. 1986); *see* Cytyc Mem. at 2-3; *see also United States Abatement Corp. v. Mobil Exploration & Producing*, Civ. A. No. 94-671, 1995 WL 217469, at *1 (E.D. La. Apr. 12, 1995) (unpublished opinion, attached as Exhibit A) ("Mobil is entitled as a matter of right to a stay of a money judgment upon posting adequate security equivalent to a supersedeas bond.").

In fact, none of the cases upon which DEKA relies in support of this argument (Opp. at 3-4) involve an appellant that, as here, offers to post security for the full amount of the judgment. *See, e.g., Trustmark Ins. Co. v. Galluci*, 193 F.3d 558, 558 (1st Cir. 1999) (appellant offered no security whatsoever); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463 (5th Cir. 1990) (appellant sought an "unsecured stay," and did not offer to post any bond); *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (appellant offered neither a supersedeas bond nor alternative security); *Elias Bros. Rests., Inc. v. Acorn Enters., Inc.*, 931 F. Supp. 930, 938-939 (D. Mass. 1996) (appellant sought stay under Rule 62(f), and failed to post any amount of security pending appeal); *Wilmer v. Bd. of County Comm'rs*, 844 F. Supp 1414, 1416 (D. Kan. 1993) (appellant "asked the court to excuse it from posting such a bond" under Rule 62(d), and instead sought a stay under Rule 62(f)); *Marandino v. D'Elia & Jofr Assocs.*, 151 F.R.D. 227, 228-229 (D. Conn. 1993) (appellant sought unsecured stay under Rule 62(f)).

2.  Cytyc chose to obtain an irrevocable letter of credit, which it believed would be faster, easier, and less expensive to obtain than a supersedeas bond, but which would not endanger any interest of DEKA in the judgment.[2] Rather than leave DEKA with no protection during Cytyc's appeal, the irrevocable letter of credit will undoubtedly "secure[] the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course" of Cytyc's appeal. *Poplar Grove Planting & Ref. Co. v. Balche Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *see Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (purpose of security requirement in Rule 62(d) is "to secure an appellee from loss resulting from the stay of execution"); *Olympia*, 786 F.2d at 800

---

[2] These advantages redound to the expected benefit of DEKA, which will be obligated to pay Cytyc's costs of obtaining security under Rule 62(d) in the event that Cytyc prevails. *See, e.g., Bose Corp. v. Consumers Union of the United States, Inc.*, 806 F.2d 304, 305 (1st Cir. 1986) (Per curiam) (premium costs of letter of credit for stay pending appeal are taxable costs under Fed. R. App. Proc. 39(e)); *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 178 (2d Cir. 1975) ("[T]he letter of credit arrangement . . . did indeed cost less than a surety bond would have cost and hence in the end because TWA lost on the appeal it saved money.").

(Easterbrook, J. concurring) ("The function of a supersedeas bond is to protect the judgment creditor's position from erosion during any period that its right to execute is obstructed by a stay pending appeal.").

The irrevocable letter of credit—issued by JP Morgan Chase, a global financial services leader with more than $1.2 trillion in assets—will be for the full amount of the judgment, in the amount approved by this Court. Accordingly, it will provide the same functional guarantee as a supersedeas bond, namely, that if DEKA prevails on Cytyc's appeal, then DEKA will be able to draw upon the letter of credit at the end of the appeal. . See Cytyc Mem. at 2-3; *Edwards* v. *Armstrong World Indus., Inc.*, 6 F.3d 312, 317 (5th Cir. 1993) ("The promise of the bank to pay on a letter of credit is indistinguishable from [a] promise to act as surety on [a] supersedeas bond."), *rev'd on other grounds sub nom Celotex Corp.* v. *Edwards*, 514 U.S. 300 (1995); *Olympia*, 786 F.2d at 800 (Easterbrook, J. concurring) ("[T]he bond or letter of credit will assure payment of the full debt."). Cytyc's proposed irrevocable letter of credit therefore protects DEKA's "primary concern": "that [it] be secure from loss resulting from the stay of execution." *Texaco, Inc.* v. *Penzoil Co.*, 784 F.2d 1133, 1154-1155 (2d Cir. 1986).

3. DEKA's opposition provides no reason that a letter of credit would not offer the same functional protection for DEKA's interest in the judgment. The technical distinctions that DEKA identifies (Opp. at 6) between a letter of credit and a supersedeas bond under Texas state law have no impact upon the function of the Rule 62(d) security requirement. The only federal support that DEKA can marshal in favor of its argument (Opp. at 6) is a single unpublished decision (*Evolution*), which fails to cite the substantial authority identified by Cytyc regarding the functional equivalence of the letter of credit to a supersedeas bond as an insurance instrument. It is also contradicted by a published decision from that same court, *Wilmer* (cited in

DEKA Opp. at 4), which holds that a judgment "may be stayed only upon the filing of a supersedeas bond *or other security*." 844 F. Supp. at 1416 (emphasis added).

4. DEKA also contends (Opp. at 6-7) that the case law holds that an irrevocable letter of credit is an acceptable substitute for a supersedeas bond only where the appellee agrees to the use of a letter of credit. DEKA's effort to characterize the cases along these lines is both incomplete and incorrect. First, DEKA's opposition failed to mention Cytyc's citations (Mem. at 2-3) to *Ligurotis v. Whyte*, 951 F.2d 818, 821 (7th Cir. 1992), and to *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1477 (9th Cir. 1992), in which those respective courts recognized that a letter of credit satisfies the security requirement of Rule 62(d), because it serves the same purpose as the supersedeas bond. Second, DEKA's descriptions of *Landau & Cleary Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996 (7th Cir. 1989), and *Trans World Airlines* are also incorrect. There is no evidence that the appellee in *Landau* agreed to use of a letter of credit in lieu of a supersedeas bond prior to the appeal. Instead, weeks after the Seventh Circuit's mandate issued the parties "entered into a stipulation" whereby appellee could draw "from the letter of credit." *Id.* at 999. *Trans World Airlines* also supports Cytyc's position, where the Second Circuit held that a letter of credit serves the same purpose as a supersedeas bond and, therefore, the premiums for such a letter are a taxable cost. *See* 515 F.2d at 178. The Second Circuit has since affirmed that holding. *See Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 166 (2d Cir. 1986) (letter of credit "serve[s] the same purpose as a supersedeas bond").

In any event, DEKA's refusal to accept a letter of credit in lieu of a supersedeas bond is unreasonable in light of the typical structure of supersedeas bond transactions. The issuer of a supersedeas bond often requires the appellant to obtain a letter of credit to secure the bond. *See, e.g., Bose*, 806 F.2d at 305; *TWA*, 515 F.2d at 177-178. Therefore, even if this Court required a

-6-

supersedeas bond, a letter of credit would likely provide the ultimate guarantee that DEKA could collect on a supersedeas bond. All Cytyc has done is cut out the middle step, resulting in lower transaction costs and a more efficient transaction for both parties, without eroding in any way the rights of DEKA as a judgment creditor.

5.  Even if DEKA is correct that Cytyc cannot obtain a stay here without showing exceptional circumstances, Cytyc has met that burden. *See Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980). As detailed above, the "judgment creditor's interests would not be unduly endangered" by a letter of credit in the full amount of the judgment, *Wilmer*, 844 F. Supp. at 1419, and the letter of credit arrangement advances efficiencies that will benefit both Cytyc and DEKA. Therefore, this Court can also exercise its discretion to issue a stay under the circumstances presented here. *See Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003); *Federal Prescription*, 636 F.2d at 759.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons Cytyc respectfully moves that this Court grant Cytyc's motion for a stay pending appeal.

CYTYC CORPORATION

By its attorneys,

/s/ Lisa Pirozzolo
Lisa J. Pirozzolo, Esq. (BBO #561922)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

                                      HOWREY SIMON ARNOLD & WHITE LLP  
                                      Matthew M. Wolf  
                                      Marc A. Cohn  
                                      1299 Pennsylvania Avenue, N.W.  
                                      Washington, D.C. 20004  
                                      (202) 383-6858  

Dated: August 30, 2005

## CERTIFICATE OF SERVICE

I, Lisa J. Pirozzolo, hereby certify that the foregoing Cytyc Corporation's Reply Memorandum In Support Of Its Motion To Stay Pending Appeal was served by First Class Mail on August 30, 2005 upon:

Lee Carl Bromberg
Erik Paul Belt
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
(617) 443-9292

                                                 /s/ Lisa Pirozzolo
                                                 Lisa J. Pirozzolo

**EXHIBIT A**



Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 217469 (E.D.La.)  
**(Cite as: 1995 WL 217469 (E.D.La.))**

Page 1

H  
Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.  
UNITED STATES ABATEMENT CORP.  
v.  
MOBIL EXPLORATION & PRODUCING.  
Civ. A. No. 94-671.

April 12, 1995.

*ORDER*

PORTEOUS, District Judge.

**\*1** Before the Court is the Motion for Stay and for Approval of Security Pending Appeal submitted by Mobil Exploration & Producing U.S., Inc. ("Mobil"). Oppositions were filed by United States Abatement Corporation ("USA") and Charles L. McCarty ("McCarty"). The motion came before the Court for oral argument on Thursday, March 23, 1995. Upon consideration of the arguments and memoranda submitted by counsel and a review of the applicable law, it is the opinion of this Court that the Motion for Stay and for Approval of Security Pending Appeal should be denied.

On March 1, 1995, this Court rendered judgment in favor of USA and reversed the November 2, 1993 judgment of the United States Bankruptcy Court for the Eastern District of Louisiana based on the misapplication of the doctrine of recoupment, whereby the Bankruptcy Court had permitted Mobil to recoup $607,052.02 prior to turning over the funds owed to USA. Mobil now brings this Motion for Stay and for Approval of Security Pending Appeal. Mobil has filed a Notice of Appeal with the United States Fifth Circuit Court of Appeals.

Mobil argues that under Rule 62(d) of the Federal Rules of Civil Procedure, Mobil is entitled as a matter of right to a stay of a money judgment upon posting adequate security equivalent to a supersedeas bond. Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir.1992). Mobil has obtained a letter of credit issued by CityBank in favor of USA in the amount of $840,000.00, representing over 120% of the amount of the judgment.

USA and McCarty argue that Rule 8017(b) of the Federal Rules of Bankruptcy Procedure, not Federal Rule of Civil Procedure 62(d), governs in this case. In order to obtain a stay from a district court appeal judgment in a bankruptcy matter, which is in the nature of a preliminary injunction, a four-part test must be met and all four parts must be met in order to obtain such stay or injunction. In re Power Recovery Sys., Inc., 950 F.2d 798, 808 (1st Cir.1991). Therefore, if Mobil fails to meet any one prong of the test, the stay may not be issued. Under the four-part test, the following is required: 1) petitioner is likely to prevail on the merits of its appeal; 2) without a stay, petitioner will suffer irreparable injuries; 3) other interested persons will suffer no substantial harm; and 4) the public interest will not be harmed. The Fifth Circuit and the Eastern District of Louisiana have held that the Court should consider the four factors under Rule 8017. In re First South Savings Assn., 820 F.2d 700, 709 (5th Cir.1987); In re Sims, 1992 WL 55721 E.D.La.

First, Mobil must make a strong showing of a likelihood of success on the merits. In re First South Savings Assn., 820 F.2d 700, 704-709 (5th Cir.1987). Mobil must also be prepared to argue the merits of the appeal in establishing a likelihood of success. In re First South Savings Assn., 820 F.2d 700, 709-714 (5th Cir.1987). USA and McCarty argue that Mobil has not demonstrated any likelihood of prevailing on appeal, and therefore, that Mobil has not satisfied the first prong of the test.

**\*2** Second, Mobil must establish that irreparable injury will result absent a stay. In re First South Savings Assn., 820 F.2d 700, 704-709 (5th Cir.1987). USA and McCarty argue that Mobil will suffer no irreparable harm because the judgment was a judgment for turnover and not a money judgment, and because legal damages would be adequate to compensate Mobil for any possible loss due to the pending appeal. Mobil has filed a Proof of Claim and will be paid according to the priority system established by the Bankruptcy Code. USA and McCarty will allow Mobil to file an amended Proof of Claim for the amounts alleged to be outstanding by Mobil. In terms of satisfying the second prong of the four-part test, however, Mobil has failed to submit evidence that it will suffer any damage as a result of denying the motion for stay.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 217469 (E.D.La.)
**(Cite as: 1995 WL 217469 (E.D.La.))**

Page 2

Third, Mobil must demonstrate that other interested persons will suffer no substantial harm. USA and McCarty cite several cases in support of their argument that other parties will suffer substantial harm should the motion for stay be granted. In *In re the Charter Company,* 72 B.R. 70 (Bkrtcy.N.D.Fla.1987), the Court denied a stay based on the fact that if an order authorizing the debtor to settle claims were stayed pending appeal, third parties would suffer substantial harm in that consummation of the Chapter 11 plan and resulting distribution of settlement funds to the victims would be stalled. In *In re VVF Communications Corp.,* 41 B.R. 546 (Bkrtcy.D.C.1984), the Court refused a stay pending appeal as substantial injury already had occurred to creditors due to previous delays. USA and McCarty argue that the following parties will suffer if the motion for stay is granted by this Court: 1) USA's secured creditors who could not lien Mobil's property; 2) USA itself; 3) USA's shareholders; 4) USA's unsecured creditors who have been substantially harmed. USA has been informed that at least one and possibly several of its creditors were put out of business due to USA's inability to pay those creditors as a result of Mobil's failure to pay USA.

Finally, Mobil must establish that the public interest will not be harmed. USA and McCarty argue that the public interest will be harmed should the motion for stay be granted. Mobil has failed to turn over the funds owed to USA, thereby preventing USA from effectively reorganizing its debts and making payment to its secured creditors. Congress specifically provides for turnover of funds to the bankruptcy estate. Mobil has long attempted to avoid and delay turnover of the funds owed to USA in accordance with the Bankruptcy Code. USA and McCarty contend that the public interest would be substantially harmed should the motion for stay be granted.

Mobil responds by arguing that USA and McCarty have mischaracterized the $692,099.00 judgment as a judgment for turnover. Under *In re First South Savings Assn.* and *In re Sims,* the four-part test would be applicable to a judgment for turnover, but not to a money judgment. Mobil argues that the $692,099.00 judgment is a money judgment, thereby rendering the four-part test inapplicable.

*3 The Court agrees with USA and McCarty that the judgment in the amount of $692,099.00 is a judgment for turnover and not a money judgment. USA sought a turnover of its property, the funds owed to USA by Mobil. USA did not at any time seek to recover money damages. Therefore, the Court finds that the four-part test is applicable and that Mobil has failed to satisfy any of the four requirements under *In re First South Savings Assn.* and *In re Sims.* Accordingly, the Motion for Stay and for Approval of Security Pending Appeal is hereby DENIED.

Not Reported in F.Supp., 1995 WL 217469 (E.D.La.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.