## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION )<br><br>Applicant, )<br><br>v. )<br><br>DEKA PRODUCTS LIMITED )<br>PARTNERSHIP, )<br><br>Respondent. ) | CIVIL ACTION NO.  05-10932-WGY |

## DEKA'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY

DEKA Products Limited Partnership ("DEKA") respectfully asks this Court for leave to file a short sur-reply (attached as Exhibit A).  DEKA wishes to submit the sur-reply strictly to bring to this Court's attention mischaracterizations of case law that Cytyc made in its reply brief [D.N. 24].

## CERTIFICATION UNDER LOCAL RULE 7.1

I certify that counsel conferred by telephone on September 2, 2005. Cytyc indicated that it will not oppose leave to file the sur-reply.

DATED:  September 2 2005

DEKA PRODUCTS LIMITED
PARTNERSHIP

/s/ Erik P. Belt
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
E-mail: ebelt@bromsun.com

01062/00507  428820.1

# EXHIBIT A

## PROPOSED SUR-REPLY BRIEF

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYTYC CORPORATION )<br><br>Applicant, )<br><br>v. )<br><br>DEKA PRODUCTS LIMITED )<br>PARTNERSHIP, )<br><br>Respondent. ) | CIVIL ACTION NO. 05-10932-WGY |

**DEKA'S [PROPOSED] SUR-REPLY REGARDING CYTYC'S MOTION FOR A STAY**

The law is clear, as stated in DEKA's opposition brief, that to be entitled to a stay, Cytyc must post a supersedeas bond, as Rule 62(b) requires. Nothing in Cytyc's reply changes that requirement. DEKA, however, is compelled to point out Cytyc's mischaracterization of the law.

In particular, Cytyc inappropriately cites *United States Abatement Corp. v. Mobil Exploration & Producing* (Exhibit A to Cytyc's reply) for the proposition that a judgment debtor is entitled to a stay by posting adequate security equivalent to a supersedeas bond. But that is not the holding of that case. That is the argument that the judgment debtor made. The full sentence, which Cytyc clipped, is "Mobil <u>argues</u> that under Rule 62(d) of the Federal Rules of Civil Procedure, Mobil is entitled as a matter of right to a stay of a money judgment upon posting adequate security equivalent to a supersedeas bond." 1995 WL 217469 at *1 (emphasis added). Cytyc also relies on *Hebert v. Exxon Corp.*, but there, the Fifth Circuit required a supersedeas bond and never discussed alternative security. 953 F.2d at 938.

In *Mobil Exploration*, the court denied the request for a stay, even though the judgment debtor, Mobil, offered a letter of credit for 120% of the amount of the judgment. The court

instead required Mobil to meet the traditional four-prong test for obtaining a stay, such as likelihood of success on the merits. 1995 WL 217469 at *1. But like Cytyc here, Mobil failed to even address the four prongs. Thus, the court denied the request for a stay. *Id.* at *3

Offering to post alternative security does not entitle Cytyc to a stay. Rather, Cytyc must also show good cause why it cannot post a bond (such as extreme financial hardship) and, as in *Mobil Exploration*, must show likelihood of success on the merits of its appeal, among other factors. Cytyc had the chance in two briefs to show good cause but has not even attempted to do so. Cytyc's claim that securing a letter of credit is faster or easier or less expensive than securing a bond does not show good cause. *See Evolution, Inc. v. Sun Trust Bank*, No. Civ.A.01-2409, 2005 WL 1041348 at * 1 (D. Kan., Jan. 10, 2005).

DEKA does not have the burden of disproving Cytyc's claim that a letter of credit equals a bond.[1] Rather, Cytyc has the burden of showing why it cannot simply obtain a bond and that it has a strong likelihood of succeeding on its appeal. Thus, this Court should deny Cytyc's motion for a stay and allow DEKA to execute on the judgment.

DATED: September 2, 2005

DEKA PRODUCTS LIMITED PARTNERSHIP

/s/ Erik P. Belt
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
E-mail: ebelt@bromsun.com

01062/00507 428615.1

---

[1] A letter of credit is inferior to a bond, as discussed in DEKA's opposition brief at p. 6. *See, e.g., Heritage Housing Corp. v. Ferguson,* 651 S.W.2d 272, 273-74 (Ct. App. Tex. 1983) (unlike a bond, a letter of credit is not negotiable and lacks other guarantees of a bond).

2