UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYTYC CORPORATION,  )<br>)<br>Applicant,  )<br>)<br>v.  )<br>)<br>DEKA PRODUCTS LIMITED  )<br>PARTNERSHIP,  )<br>)<br>Respondent.  ) | CIVIL ACTION<br>NO. 05-10932 (WGY) |

**MEMORANDUM IN SUPPORT OF CYTYC CORPORATION'S UNOPPOSED
<u>MOTION TO STAY PENDING APPEAL</u>**

Cytyc Corporation respectfully submits this Memorandum in support of its Unopposed Motion to Stay Pending Appeal.

**BACKGROUND**

On August 15, 2005 Cytyc moved to stay this Court's July 8, 2005 order pursuant to Federal Rule of Civil Procedure 62(d), offering to submit a letter of credit in lieu of a supersedeas bond. DEKA opposed that Motion, arguing both that the amount and the type of the credit instrument provided inadequate security for the arbitration award obtained by DEKA. Cytyc subsequently offered to amend the amount of the letter of credit to match DEKA's proposal, but continued to argue that a letter of credit was sufficient to entitle it to a stay under Federal Rule of Civil Procedure 62(d). This Court denied that motion by electronic order on September 6, 2005. Cytyc now moves to stay this Court's July 8, 2005 Order by filing a supersedeas bond in the amount proposed by DEKA: $11,07,941. Counsel for DEKA has said that DEKA will not oppose this Motion.

**ARGUMENT**

Although this case is now on appeal to the United States Court of Appeals for the First Circuit, the district court retains jurisdiction of motions (including second motions) to stay pursuant to the filing of a supersedeas bond. *See Acevedo-García* v. *Vera-Monroig*, 296 F.3d 13, 18 (1st Cir. 2002) (Per curiam) (denying appeal of district court's order denying appellants motion for an unsecured stay, but granting the appellants "time to post supersedeas bonds" with the district court); *Rakovich* v. *Wade*, 834 F.2d 673, 673 (7th Cir. 1987) (denying appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1), and remanding to the district court "because that court properly has jurisdiction to rule on such motions in the first instance"). Indeed, Federal Rules of Appellate Procedure 8(a)(1)(A) and (B) provide that a party "must ordinarily move first in the district court" for a stay pending appeal and for approval of a supersedeas bond. Therefore, it is appropriate for the Court to entertain Cytyc's unopposed motion to stay accompanied by a supersedeas bond.

If Cytyc submits a supersedeas bond in the full amount of the judgment, plus ten percent and $500, then Cytyc is entitled to a stay of this Court's July 8, 2005 order pursuant to Federal Rule of Civil Procedure 62(d). Subject to certain exceptions inapplicable here, Federal Rule 62(d) provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."[1] Pursuant to this rule, "a party taking an appeal from the District Court is entitled to a stay of money judgment as a matter of right if he posts a bond" in accordance with Federal Rule 62(d). *American Mfrs. Mut. Ins. Co.* v. *American Broadcasting-Paramount Theatres, Inc.*, 87

---

[1] The exceptions to the stay provided for in Rule 62(d), none of which are applicable here, are contained in Federal Rule of Civil Procedure 62(a), which provides in relevant part:

> "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."

S.Ct. 1, 3 (1966) (Harlan, J.); *accord Acevedo-García*, 296 F.3d at 17 ("Under Rule 62(d), execution of a money judgment is automatically stayed pending an appeal upon the posting of a supersedeas bond."); Charles A. Wright & Arthur R. Miller, 11 Fed. Prac. & Proc. Civ. 2d § 2905 (1995). The supersedeas bond "may be given at or after the time of filing the notice of appeal." Fed. R. Civ. P. 62(d). Under Local Rule 62.2, the supersedeas bond must be "in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay, plus . . . ($500) . . . to cover costs, unless the court directs otherwise."

Cytyc has met the requirements of both Federal Rule 62(d) and Local Rule 62.2, and is accordingly entitled to a stay of this Court's July 8, 2005 order. On August 5, 2005, Cytyc filed its notice of appeal from this Court's July 8, 2005 order denying Cytyc's application to vacate the final award of an arbitration panel and affirming DEKA Products Limited Partnership's cross-motion to confirm the award and paid the required filing fee. This order is functionally a money judgment, confirming a monetary award in favor of DEKA. *See Hebert* v. *Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (declaratory judgment awarding money under insurance agreement is a "money judgment" within scope of Rule 62(d)). Upon the Court's agreement as to the amount, Cytyc will post a supersedeas bond in the amount of $11,072,941, which represents the amount of the arbitration award, plus ten percent, plus $500, as directed by Local Rule 62.2. Therefore, all efforts by DEKA to recover the amount of the arbitration award confirmed by this Court should be stayed pending the outcome of Cytyc's appeal.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons Cytyc respectfully moves that this Court stay this Court's July 8, 2005 order pending appeal.

-4-

          CYTYC CORPORATION

          By its attorneys,


          _/s/ Lisa Pirozzolo_____
          Lisa J. Pirozzolo, Esq. (BBO #561922)
          WILMER CUTLER PICKERING
            HALE AND DORR LLP
          60 State Street
          Boston, MA 02109
          Telephone: (617) 526-6000

          HOWREY SIMON ARNOLD & WHITE LLP
          Matthew M. Wolf
          Marc A. Cohn
          1299 Pennsylvania Avenue, N.W.
          Washington, D.C. 20004
          (202) 383-6858

Dated: September 19, 2005

## **CERTIFICATE OF SERVICE**

     I, Lisa J. Pirozzolo, hereby certify that the foregoing Cytyc Corporation's Memorandum In Support Of Its Motion For Stay Pending Appeal was served by First Class Mail on September 19, 2005 upon:

Lee Carl Bromberg
Erik Paul Belt
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
(617) 443-9292

                                                                                  /s/ Lisa Pirozzolo
                                                                               Lisa J. Pirozzolo